UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD L. GRISLE, JR.,

      Plaintiff,

v.               Case No. 17-cv-858-pp

C. JESS,
QUALA CHAMPAGNE,
ANN KRUEGER,
M. GREENWOOD,
G. DAVIS, and
E. DAVIDSON,

      Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2), SCREENING THE COMPLAINT (DKT. NO. 1) AND DISMISSING CASE**

---

  The plaintiff, an inmate at Kenosha Correctional Center who is representing himself, filed a complaint alleging that the defendant had denied him his right to a hearing before the Program Review Committee. Dkt. No. 1. He also filed a motion, asking the court to allow him to proceed without prepaying the filing fee. Dkt. No. 2.

  This case originally was assigned to Magistrate Judge Nancy Joseph. The defendants have not been served, and so have not had the opportunity to consent to magistrate judge jurisdiction. Accordingly, the clerk's office randomly reassigned the case to a United States district court judge—Judge Pepper—to screen the complaint.

This decision resolves the plaintiff's motion to proceed without prepaying the filing fee, screens the complaint and dismisses the case.

I. Motion for Leave to Proceed without Prepayment of the Filing Fee

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The PLRA allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the case filing fee, as long as he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). On July 5, 2017, Judge Joseph ordered the plaintiff to pay an initial partial filing fee of $9.35. Dkt. No. 6. The plaintiff paid the initial partial filing fee on July 24, 2017. Accordingly, the court will grant the plaintiff's motion to proceed without prepayment of the filing fee. The court will order the plaintiff to pay the remainder of the filing fee over time in the manner explained at the end of this decision.

II. Screening the Plaintiff's Complaint

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662,

678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To proceed under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## A. The Plaintiff's Allegations

The plaintiff alleges that, under the Department of Corrections' policies and procedures, inmates are entitled to participate in "recall" hearings, which are held before the Program Review Committee (PRC). Dkt. No. 1 at 4. (The court assumes that the plaintiff is referring to program review hearings; among other things, program review hearings allow prison staff to assess an inmate's custody classification and his motivation to become involved in treatment and programs. See Wis. Stat. DOC 302.14-17.)

The plaintiff asserts that in October 2016, the PRC approved him for minimum security status. Dkt. No. 1 at 4. As a result, he was transferred to

3

the Kenosha Correctional Center (KCC) a month later. Id. He alleges that the PRC set a recall hearing for February 1, 2017. Id.

The plaintiff asserts that defendant Quala Champagne (the warden of the Wisconsin Correctional Center System) informed him that defendant Ann Krueger (the KCC Superintendent) held a recall hearing on February 10, 2017. Id. According to the plaintiff, despite DOC policy, he was not invited to participate in the recall hearing. Id. The plaintiff explains that he wanted the opportunity to explain why he should be allowed community custody, *i.e.*, work release. Id.

The plaintiff alleges that he complained to Wisconsin Correctional Center System staff that he was not allowed to participate in the recall hearing. Id. Champagne responded in April 2017, and confirmed that a recall hearing was held in February 2017. Id. The plaintiff then prepared a formal inmate complaint, which he sent to defendant G. Davis. Id. In response, Davis noted that the plaintiff's last recall hearing was in October 2016; he denied that a recall hearing occurred in February 2017, despite Champagne's statement to the contrary. Id. Davis recommended that, because there was no evidence that the plaintiff had been excluded from a recall hearing, the complaint should be dismissed. Id. Krueger (who allegedly held the hearing) affirmed dismissal on that basis. Id.

The plaintiff appealed the dismissal in May 2017. Id. at 5. Defendant C. Jess, the acting DOC Secretary, dismissed the appeal based on the recommendation of defendant M. Greenwood, a complaint examiner. Id.

4

### B. The Court's Analysis

In screening the complaint, the court assumes that a hearing did occur in February 2017. While it may be true that DOC policy contemplates an inmate's participation in such a hearing, the plaintiff cannot state a claim under §1983 based solely on Krueger's alleged violation of DOC policy. This is because a violation of DOC policy, standing alone, does not necessarily violate the Constitution. See Guajardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010). Conduct which violates DOC policy may not violate the Constitution. The question before the court is not whether the plaintiff was entitled under DOC rules and policies to participate in the recall hearing, but whether the plaintiff had a *constitutional* right to participate in the recall hearing. He did not.

According to the plaintiff, the purpose of the recall hearing was to determine whether he should be permitted to participate in the work release program. The Constitution (as opposed to DOC policy) would require that the institute allow the plaintiff to participate in the hearing preceding that determination *only* if he had a liberty or property interest in the outcome of the hearing. If there is no liberty or property interest involved, there is no right to due process. DeTomaso v. McGinnis, 970 F.2d 211, 212 (7th Cir. 1992). Neither the Constitution nor state statutes create such an interest.

In Meachum v. Fano, 427 U.S. 215 (1976), the U.S. Supreme Court held that the Constitution does not grant prisoners a liberty or property interest in their classifications or prison assignments. Relying on this holding, the

5

Seventh Circuit Court of Appeals concluded that the opportunity to be assigned to a work camp or participate in a work release program does not create a liberty or property interest. DeTomaso, 970 F.2d at 212 (citing Joihner v. McEvers, 898 F.2d 569 (7th Cir. 1990)).

Further, even though a state may provide inmates with more process than the Constitution demands, and may create a liberty or property interest through rules and regulations, Wisconsin has not done so in connection with its work release program. A review of the statutes regarding program reviews (Wis. Stat. DOC 310.17) and the work release program (Wis. Stat. DOC 324.05) makes it clear that prisoners are not *entitled* to participate in the work release program; they merely have the *opportunity* to participate pending approval by the relevant authority. *See* DeTomaso, 970 F.2d at 213.

Even assuming that Krueger's exclusion of the plaintiff from the February 2017 recall hearing ran afoul of the DOC's policy (and the court expresses no opinion on that point one way or the other), it did not run afoul of the Constitution, because the plaintiff had no liberty or property interest in participating in the work release program. No liberty or property interest in the work release program means that the plaintiff had no right to the process (*i.e.,* the hearing) determining whether he should be permitted to participate in the program. The court must dismiss the plaintiff's complaint for failure to state a claim.

III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** that the agency having custody of the prisoner shall collect from his institution trust account the $340.65 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with the plaintiff's remaining balance to the receiving institution.

The court will mail a copy of this order to the officer in charge of the agency where the inmate is confined.

The court further **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

The court further **ORDERS** the Clerk of Court to document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 1st day of August, 2017.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**